# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Alexandria Fire Dept.
Personnel Assn. et al.

v.

City of Alexandria et al.

November 9, 1983

Case No. (Chancery) 14470

By JUDGE WILEY R. WRIGHT, JR.

The complainants seek declaratory, injunctive and other relief to prevent implementation of four amendments made by the City Council of Alexandria to City pension and disability plans for firefighters and police officers. The defendants have filed a partial demurrer to the bill of complaint which, by agreement of counsel, is limited to Counts II and III of the bill of complaint as they relate to the individual complainants.

In 1956 the City Council adopted an ordinance which established a pension plan for members of the Alexandria fire and police departments, known as the "Old Plan". This plan provided pension and disability benefits for employees of the two departments. In 1981 the City Council adopted another ordinance which amended the Old Plan and established a separate plan known as the "New Plan". The New Plan provided pension and disability benefits for employees of the two departments hired subsequent to February 13, 1979. On May 24, 1983, the City Council adopted two resolutions, one of which amended the New Plan and one of which amended the Old Plan; and on June 28, 1983, the City Council adopted two additional resolutions further amending the plans. None of the amendments to the two plans had been presented at any public hearing

prior to their adoption. The three individual complainants in this cause are all members of the Old Plan.

In Count II of the bill of complaint the complainants contend that the amendments to the Old and New Plans adopted on May 24 and June 28, 1983, are invalid because the City Council violated the Virginia Freedom of Information Act, Code § 2.1-340, et seq. (The Act). I have concluded that the individual complainants have standing to make this contention.

The basis for this contention is the allegation that on numerous occasions the members of the City Council discussed and considered changes to the Old and New Plans in executive session without having first voted on proper motion in public session to go into executive session. The complainants also allege that the City Council lacked legal grounds for acting in executive session; however, this conclusion is without merit. It is not alleged that the City Council either voted in executive session to amend the Plans or failed to reconvene in open meeting to vote on the actions taken in executive session.

Code § 2.1-344(b) provides in pertinent part as follows:

> No meeting shall become an executive or closed meeting unless there shall have been recorded in open meeting an affirmative vote to that effect by the public body holding such meeting, which motion shall state specifically the purpose or purposes hereinabove set forth in this section which are to be the subject of such meeting and a statement included in the minutes of such meeting which shall make specific reference to the applicable exemption or exemptions as provided in subsection (a) or section 2.1-345.

Testing the allegations of the bill of complaint against the aforesaid requirement, it appears that the complainants have stated a violation of the Act. The question is whether this violation standing alone is sufficient to invalidate the action of the City Council.

In *Nageotte v. King George County*, 223 Va. 259, 288 S.E.2d 423 (1982), it was held that the motion of the Board of Supervisors to go into executive session did not adequately comply with Code § 2.1-344(b). Noting

that the Board had voted in open meeting on all matters relating to the issue in question in compliance with Code § 2.1-344(c), the Supreme Court concluded that the Board's action was not invalidated.

Finding no basis upon which to distinguish the instant case from *Nageotte*, I have concluded that the action of the City Council was not invalidated by the alleged violation of the Act. Accordingly, the demurrer to Count II of the bill of complaint will be sustained and Count II will be dismissed.

In Count III of the bill of complaint the complainants challenge the procedure followed by the City Council in adopting the amendments to the two plans on May 24 and June 28, 1983. They contend that the amendments are invalid because the City Council proceeded by resolution rather than by ordinance.

The Court has concluded that the individual complainants have standing to attack the amendments to the Old Plan and that they lack standing to attack the amendments to the New Plan.

The allegations of the bill of complaint are insufficient to demonstrate that the actions taken by the City Council on May 24 and January 28, 1983, were in fact amendments to the ordinances adopted in 1956 and 1981. Assuming that the amendments to the Plans were tantamount to amendments to the ordinances, I have concluded that it was not mandatory that the City Council act by ordinance. Accordingly, the demurrer to Count III will be sustained and Count III will be dismissed.